IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Chelsae R. Wessels,<br>       Plaintiffs<br><br>v.<br><br>BSZ Medical, PA and Benjamin Zertuche<br>       Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT & JURY DEMAND

Plaintiff, Chelsae R. Wessels, files this Original Complaint against Defendants, BSZ Medical, PA and Benjamin Zertuche, and would respectfully show as follows:

## SUMMARY

1.  The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. 206(a) & 207(a).

2.  Plaintiff, Chelsae R. Wessels, is a non-exempt employee who worked more than forty (40) hours in a workweek for BSZ Medical, PA and Benjamin Zertuche (collectively "BSZ Medical").

3.  BSZ Medical violated the FLSA by failing to pay Plaintiff time and one-half for

each hour worked in excess of forty (40) per work week. The FLSA requires the non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Defendants further failed to compensate Plaintiff at the federally mandated minimum wage rate. Accordingly, Plaintiff brings this cause of action to recover unpaid overtime compensation under 29 U.S.C. § 206 and §216(b)

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff Chelsae R. Wessels ("Wessels") is an individual currently residing in -Texas.  Wessels was an employee employed by Defendants within the meaning of the FLSA.

5. Defendant BSZ Medical, P.A. is a Texas Professional Association doing business in Atascosa County Texas.  BSZ Medical, P.A. is an employer under the FLSA and acted as such in relation to Plaintiff. BSZ Medical, P.A. may be served with process through its registered agent Benjamin Zertuche at 256 Medical Dr., Jourdanton, Texas 78026.

6. Defendant Benjamin Zertuche is an individual doing business in Atascosa County Texas.  Benjamin Zertuche is an employer under the FLSA and acted as such in relation to Plaintiff. Benjamin Zertuche may be served with process at 256 Medical Dr., Jourdanton, Texas 78026.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendants because Defendants are located in Texas, reside in Texas, and do business in Texas.

8. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Supplemental jurisdiction over the state law claim is

predicated on 28 U.S.C. § 1367. The state law claim is so related to the federal question claim that it forms part of the same case or controversy.

9.     Venue is proper in the Western District of Texas because a substantial portion of the acts, conduct, and events forming the basis of this suit occurred in the Western District of Texas.

## COVERAGE

10.    At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203 (d).

11.    At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

12.    At all material times, Plaintiff was employed in an enterprise engaged in commerce, or was engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

13.    Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

14.    Defendants provided training, controlled Plaintiff's work duties and work hours, have knowledge of the hours to be worked by Plaintiff, and directed the work of Plaintiff. Defendants controlled how each assigned task was to be performed by Plaintiff. Defendants further controlled the time tracking system and records of all employees and knows it

maintained no time records for Plaintiff.

## FACTS

15. Defendants provide medical services throughout Atascosa, Texas and employs individuals to perform a portion of these services.

16. Plaintiff was employed as clerical and secretarial help for Defendants.

17. Plaintiff's primary duties do not require significant discretion or independent judgment and do not require specialized training or knowledge.

18. Accordingly, Plaintiff's primary job duties at all times were those of a non-exempt employee. However, Plaintiff was not paid a discernable wage for any hours worked and was not paid the mandated one and one-half rate required by law. Instead, Defendant Benjamin Zertuche chose to deposit inconsistent and arbitrary amounts into an account belonging to a corporate entity and controlled by Plaintiff and Defendant, for purposes unrelated to her work.

19. Moreover, Defendants violated the law because there was no clear and mutual understanding between the parties that a fixed salary would compensate her for all hours worked each week whatever the number may be. There were many weeks when Plaintiff's pay fell below that applicable minimum wage rate *and* the compensation provided to the Plaintiff was at a rate less than the applicable overtime rate for every hour worked over forty (40) in a work week.

20. Given that Defendants improperly implemented a payment method, the Plaintiff was denied overtime at the rates mandated under the FLSA.

21. Defendants' method of paying Plaintiffs in violation of the FLSA was willful and

not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## VIOLATION OF 29 U.S.C. § 207

22.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

23.     Defendants' practice of failing to pay Plaintiff the time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S. C. § 207.

24.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiff.

## VIOLATION OF 29 U.S.C. § 206

25.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

26.     Defendants' practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

27.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff.

## WILLFUL VIOLATIONS OF THE FLSA

28.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week and minimum wage requirements, when they knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff. Further, the Defendants have other

employees that are paid overtime but instead of bearing the cost of paying overtime to the other employees, many ours were put onto Plaintiff for no compensation. Further, Defendants violations are willful as Defendants chose not to accurately track and keep hours for Plaintiff.

29. Upon information and belief, Defendants are a sophisticated business with the knowledge and expertise to know that the payment structure is impermissible under the FLSA.

30. Plaintiff requests this Court permit recovery for any claims within the last three years from the filing of this suit. 29 USC § 255(a).

## WAGE DAMAGES SOUGHT

31. Plaintiffs is entitled to recover her unpaid minimum wage and overtime compensation.

32. Plaintiff is entitled to an amount equal to all of her unpaid minimum wages and overtime wages as liquidated damages. 29 USC § 216(b).

33. Plaintiff is entitled to recover attorney's fees and costs as required by the FLSA. 29 USC § 216(b).

## STATE LAW CLAIM - QUANTUM MERUIT

34. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

35. Supplemental jurisdiction over the state law claim is predicated on 28 U.S.C. § 1367. The state law claim is so related to the federal question claims that it forms part of the same case or controversy.

36. Plaintiff worked for Defendants from approximately 2008 to April 2014. Plaintiff

provided good and valuable clerical and secretarial services to Defendants. Defendants accepted the services and had reasonable notice that Plaintiff expected to be paid for those services at the time they were performed. Plaintiff fully performed the services. Defendants have failed to pay Plaintiff for her services.

## JURY DEMAND

37. Plaintiff hereby demands trial by jury on all issues.

## ATTORNEY FEES

38. Plaintiff is entitled to recover her reasonable attorney's fees, costs and expenses of this action as provided by the FLSA. 29 USC § 216(b).

## PRAYER

39. For these reasons, Plaintiff respectfully requests that judgment be entered in their favor awarding the following relief:

   a. Award Plaintiff unpaid overtime compensation for all hours worked over forty (40) hours in a workweek at the applicable time-and-a-half rate;

   b. Award Plaintiff an equal amount of unpaid wages as liquidated damages as required under the FLSA;

   c. Award Plaintiff reasonable attorney fees, costs, and expenses of this action as provided by the FLSA;

   d. Alternatively, award Plaintiff damages for unpaid wages under a theory of quantum meruit;

   e. Award Plaintiff prejudgment and post-judgment interest;

   f. Such other relief to which Plaintiff may be entitled, at law or in equity.

Respectfully submitted,

THE VETHAN LAW FIRM, PC

By: /s/ Charles M. R. Vethan
Charles M.R. Vethan
State Bar No. 00791852
3501 Allen Parkway
Houston, TX 77019
Telephone: (713) 526-2222
Facsimile: (713) 526-2230

ATTORNEY IN CHARGE FOR PLAINTIFF